# John G. Schuler, Exr., etc., Plff. in Err., *v.* City of Philadelphia.

Special statutory jurisdiction, in the absence of language to the contrary, is exclusive as to the class of subjects comprehended by it.

This rule is expressly adopted by the act of March 21, 1866, § 13.

Under the act of February 2, 1854, § 27, exclusive jurisdiction is conferred on the quarter sessions of Philadelphia to award compensation for damages to private property resulting from a lawful change of the grade of a street.

The appeal from the quarter sessions to the common pleas in such cases, according to the act of June 13, 1874, provides the trial by jury guaranteed by article 16, § 8, of the Constitution.

Cited in *Re* Plan, 166, 143 Pa. 414, 22 Atl. 669, in which the legislation relative to damages arising from change of street grades in Philadelphia is fully reviewed; and in *Re* L. Street, 12 Pa. Co. Ct. 406, 2 Pa. Dist. R. 179. See also Ogden v. Philadelphia, 143 Pa. 430, 22 Atl. 694; Clark v. Philadelphia, 171 Pa. 30, 50 Am. St. Rep. 790, 33 Atl. 124. It would seem that petitions for viewers to assess damages in Philadelphia for change of grade must be filed in the common pleas since the act of May 16, 1891, P. L. 75. *Re* Orthodox Street, 1 Pa. Dist. R. 37, 11 Pa. Co. Ct. 154, 29 W. N. C. 411.

An action on the case cannot therefore be maintained for damages by change of grade in Philadelphia.

(Argued April 2, 1888.  Decided May 7, 1888.)

January Term, 1888, No. 313, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Error to Common Pleas No. 1 of Philadelphia County to review a judgment for the defendant on the report of a referee in an action of trespass on the case, March Term, 1885, No. 891.  Affirmed.

The facts as found by the referee, Charles E. Morgan, Esq., are stated in his report, and are as follows:

This case was originally referred to the referee by an agreement between the parties under the act of June 16, 1836, P. L. 719, and the evidence appended thereto was taken under said agreement.  Subsequently another agreement was entered into between the parties, by which it was stipulated that the referee should act under the provisions of the act of May 14, 1874, P. L. 166; that the agreement of said act should be substituted for the prior agreement under the act of 1836, and that the evidence taken by the referee under the first agreement should be treated as taken under the last, to wit, that under the act of 1874.

This suit was brought against the city of Philadelphia by Michael Eisenhart, who has since died, and whose legal representative has been duly substituted for him of record, for the recovery of damages alleged to have been caused in the year 1879 in changing the grade of Wilson street, in the 22d ward of the city of Philadelphia, southeast of Centre street, along and in front of his properties, situate at the intersection of said Wilson and Centre streets.  Theo. Cuyler Patterson, Esq., appeared for the plaintiff, and William H. Addicks, Esq., for the defendant.

## Finding of Facts.

The said properties of plaintiff are two lots of ground, with the improvements thereon erected, situate, the one on the northeast and the other on the southwest side of said Wilson street; the former containing in front on Centre street 20 feet, and depth along Wilson street 86 feet, and the latter on said Centre street 61 feet, and along Wilson street 114 feet 6 inches.  Upon

the larger property there are erected, and were prior to the date of the change of grade complained of, at the corner of said two streets, a three-story brick building used as a dwelling house and store, and back of this fronting on Wilson street a wooden stable or shed and a two-story wooden dwelling house. On the smaller lot the improvements are a three-story dwelling house at the intersection of the two streets, and southeast of it on Wilson street a two-story dwelling house, both of them built of wood.

Wilson street, in front of plaintiff's property, and between Centre street and the Philadelphia, Germantown, & Chestnut Hill railroad, was placed upon the confirmed plan of the borough of Germantown, with a lawful grade regulation adopted by the authorities of the borough in the year 1850. At about that time, or shortly after, certainly not less than thirty years ago, the property on both sides of Wilson street was dedicated by the property owners to the public for the purposes of a public highway or road, and since has been constantly and continually used as a highway or public thoroughfare, and is so used at this time. In 1855 the plaintiff purchased one of the properties .described in the narr., that on the northeast side of Wilson street, and in 1856 built upon it. In 1866 he bought the other property on the other side of Wilson street, and also built upon it. In accordance with the grades furnished him by the district surveyor, he built upon the natural surface of the ground, which was somewhat above the grade fixed by the plan of the borough referred to. In September, 1879, the city of Philadelphia lawfully altered the grade regulations of Wilson street at this point, reducing it about an average of 5 feet below the original grade regulations as fixed by the borough of Germantown. In the same year, 1879, the street was actually lowered by the city from the original level upon which the plaintiff's houses were built, an average depth of from 6 to 7 feet, so that plaintiff's foundation walls on both sides of Wilson street either are now, or will be when the sidewalks are graded on both sides of the street, exposed to about that depth.

Upon the question of the amount of damage suffered by plaintiff, much testimony has been taken before the referee of witnesses called upon both sides; gentlemen of respectability and experience, whose testimony is entitled to great weight. Unfortunately the witnesses for the plaintiff and defendant respect-

ively, in their views as to the effect of the change of grade upon the plaintiff's properties, differ diametrically.

The referee, therefore, made a careful personal examination of the premises, and by this examination, and the testimony taken before him, has been satisfied, and reports that the effect of the change of grade of Wilson street, between Centre street and the railroad along and in front of the plaintiff's properties, has been to cause him to be damaged to the extent of $1,250, the damage to the property on the northeast side of Wilson street amounting to $500, and to that on the southwest side $750, making $1,250 in all. This includes all damages whatever caused by the change of grade, whether direct or consequential.

## Conclusions of Law.

The declaration consists of two counts, the first upon a change of grade regulation, and the second, which was filed June 6, 1887, by leave of court, upon a physical and actual change of grade.

The learned counsel who represented the plaintiff relied for his right of recovery, in this form of action and in this court, upon article 16, § 8, of the Constitution of 1874.

It is well settled that a special statutory jurisdiction, in the absence of language to the contrary, is exclusive as to the class of subjects comprehended by it, and this rule has also been expressly adopted by the legislature of this state in the act of March 21, 1866, § 13, P. L. p. 58.

By § 27 of the act of consolidation of February 2, 1854, P. L. 37, jurisdiction was expressly conferred upon the court of quarter sessions of this county to award compensation for damages to private property, due to a lawful change of grade regulation.

And by the act of June 13, 1874, P. L. 283, which provides for an appeal from the quarter sessions to the court of common pleas, the trial by jury, guaranteed by the section of the Constitution referred to, is provided. Williams v. Pittsburgh, 83 Pa. 71; Bachler's Appeal, 90 Pa. 207.

The right of plaintiff to damages vested at once upon the change of the regulation in September, 1879, which followed immediately upon the physical change of the street, and extended to all damages to his property caused thereby, present and future, direct and consequential.

In the opinion of the referee, article 16, § 8, of the Constitution of 1874, which provides for compensation for indirect and consequential injuries to private property, caused by the construction or enlargement of public works, highways, or improvements, added no new element to the damages recoverable under the consolidation act of 1854 in the court of quarter sessions for the change of grade; as to such public improvements, the measure of damages established under said statute was broad enough to include those which were consequential and indirect, and indeed all damages resulting from the lawful act. See *Re* Fifth & Sixth Streets, 4 W. N. C. 413; Philadelphia v. Wright, 100 Pa. 235. At all events it did not create a new and distinct cause of action, so far as respects the opening of streets, changes of grade, and other acts of a similar character for which the statutory remedies had already been provided. As to these it simply made the right to consequential damages (which theretofore had been statutory) constitutional, and secured to all persons whose property is damaged by such public improvement a trial by jury according to the course of the common law; a method of trial which the act of June 13, 1874 (P. L. 283), already referred to, expressly provides.

Where, however, the lawful act of a public corporation causing consequential damage is one for which no statutory remedy existed, as, for instance, the construction of sewers, the person injured thereby would undoubtedly under the Constitution be vested with a right of action at common law for damages. Under the well-settled rule, that where a right to compensation for damages caused by a lawful act of a public corporation is given either by the organic law or by an act of the legislature, in the absence of a statutory remedy, the person whose property is thus damaged may recover compensation in an action at common law. See Campbell v. Philadelphia, 108 Pa. 300.

"The court of quarter sessions has exclusive jurisdiction of the assessment of damages for the establishment of the grade of streets on a confirmed plan and for a change of regulation thereof."

In that case an action on the case was brought in the court of common pleas, No. 1, as in this case, for the recovery of damages for the actual grading of the street in accordance with a revised plan. See also Pusey v. Allegheny, 98 Pa. 522.

Under the provision of article 16, § 8, of the Constitution of

Pennsylvania, corporations to which the right of eminent domain is delegated are liable to consequential damages resulting to private property from the construction, use, or alteration of their public works, ways, or other improvements; a municipal corporation is, therefore, liable to property owners, through whose land it has caused a street to be opened, for compensation, not only for the actual property appropriated to the street, but also for such as it may injure or destroy by such opening. Where a property owner, through whose land a street has been run, is injured both by reason of the taking of a part of the land for the construction of said street and also by reason of the cutting and the grading thereof, he must, in proceedings to recover damages, submit his whole claim to the viewers and to the court, and that part thereof which he neglects to submit must be taken to have been waived, and no second process can be had for its recovery.

This was a proceeding in the court of quarter sessions of Allegheny county, in accordance with the general road law of 1836. After an award by the jury and confirmation by the court of quarter sessions it was taken to the court of common pleas upon an appeal, in accordance with the provisions of the act of June 13, 1874 (P. L. 283). The supreme court, in the opinion of Judge GORDON, held that the jurisdiction of the court of quarter sessions, under the road laws, is ample for the recovery of all damages, both direct and consequential, resulting from the lawful opening of a highway. See also White v. McKeesport, 101 Pa. 395.

In this case, on page 400, Mr. Justice GREEN says, referring to the section of the Constitution already mentioned: "The provision of the Constitution, without doubt, was intended to secure compensation as well for an injury as for a taking. But compensation is the price of the privilege to inflict the injury and not a penalty for an illegal act. It is to be recovered, not by an action founded upon a tort, which presupposes an illegal act, but by a proceeding for the assessment of the damage done by the injury sustained. The value of the damage when ascertained and paid is the consideration of the right to continue the maintenance of the work or structure which occasions the injury, whereas in trespass an obligation to discontinue the injury, after verdict, arises which, if necessary, will be enforced by successive verdicts."

It was also contended by the learned counsel for the plaintiff

that article IV. of the act entitled, "An Act for the Better Government of Cities of the First Class in the Commonwealth," approved June 1, 1885, worked a complete repeal of § 27 of the act of 1854, and deprived the court of quarter sessions of this county of its jurisdiction as to the proceedings for damages for changes of grade of streets, so that from June 1, 1885, to May 6, 1887, when the act entitled, "An Act Relating to the Opening and Widening and Assessment and Payment of Damages and Benefits for the Opening and Widening and Change of Grade of Streets in Cities of the First Class, and Regulating Proceedings therein," was approved, the court was without jurisdiction to award damages for changes of grade.

Such a construction of the act of 1885 is, however, not demanded by the language of the statute interpreted in accordance with the well-settled rules of construction to be applied thereto.

By the article referred to, it was evidently intended, as appears by the context, merely to repeal or change those provisions of § 27 of the act of 1854, which related to the selection and authority of the members of the board of surveys.

The language of article IV., providing for a repeal of said section, is to be read in connection with the clauses following it, by which it is apparent that the legislature intended to define and limit its scope and effect.

It is, however, altogether unnecessary to consider this question in this case. This action was brought in April, 1885; the act of 1885 was not enacted until the following June. The original jurisdiction of the court of quarter sessions in April, 1885, being exclusive, this action then brought in the court of common pleas cannot be sustained.

The referee, in accordance with these views, reports that judgment should be entered for the defendant.

Exceptions to this finding were dismissed by the court below, and this was assigned as error.

*Theo. Cuyler Patterson,* for plaintiff in error, cited Philadelphia v. Cramp, S. C. Record, July, 1881, No. 67, not reported; Philadelphia v. Klumpff, S. C. Record, January, 1887, No. 138; Lloyd v. Philadelphia, 41 Phila. Leg. Int. 428; New Brighton v. United Presby. Church, 96 Pa. 331; Pusey v. Allegheny, 98 Pa. 522.

*William H. Addicks,* Assistant City Solicitor, for defendant in error

PER CURIAM:
For reasons given in the report of the learned referee, we affirm this case.